**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**SAUL HICKS WILLIAMS**,

                Petitioner,

**v.**

**UNITED STATES OF AMERICA**,

               Respondent.

**Civil No.:   3:19-CV-142**
**Criminal No.: 3:16-CR-25**
**(JUDGE GROH)**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On September 3, 2019, *pro se* petitioner filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. ECF No. 52.[1] On September 5, 2019, the undersigned entered an Order [ECF No. 56] advising Petitioner that his § 2255 Motion would be dismissed as untimely within fourteen days unless he could demonstrate that the statute of limitations could be equitably tolled. Petitioner has failed to respond to this Order.[2]

### II.   FACTS

#### A. Conviction and Sentence

On July 6, 2016, Petitioner was indicted in a one count indictment charging him with failure to register as a sex offender, in violation of Title 18, United States Code,

---

[1] All CM/ECF numbers cited herein refer to Petitioner's criminal case, 3:16-CR-25.
[2] Petitioner was also sent a Notice [ECF No. 55] of Deficient Pleading by the clerk's office, notifying him that his Petition would be dismissed if he did not file on the Court Approved form. Petitioner has failed to file his Petition on the Court approved form as well.

Section 2250(a). ECF No. 1. On October 11, 2016, pursuant to a written plea agreement, Petitioner plead guilty to this charge. ECF No. 40, 42.

On January 9, 2017, the Court sentenced Petitioner to a term of 36 months of imprisonment followed by a term of supervised release for life. ECF No. 47. The Court entered this judgment on January 11, 2017. ECF No. 48.

### B. Appeal

Petitioner did not pursue a direct appeal. ECF No. 52 at 1.

### C. Instant § 2255 Motion to Vacate

Petitioner's Motion sets forth one issue. Petitioner contends that in United States v. Haymond, 139 S.Ct. 2369 (2019), the Supreme Court held that 18 U.S.C. § 3583(k) is unconstitutional. ECF No. 52 at 4. Petitioner further asserts that he was sentenced under 18 U.S.C. § 3583(k) and now, due to the holding in Haymond, the Court can resentence him to far less time.

The undersigned must first review this motion to decide if it is timely filed.[3]

### D. Recommendation

The undersigned now issues this Report and Recommendation on Petitioner's Motion without holding an evidentiary hearing. Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the docket as untimely.

---

[3] It appears that Petitioner's assertion of "new law" in Haymond is being used to extend the filing time allowed for this Motion under subsection three of AEDPA.

### III.  ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, which established a one-year limitation period within which to file any federal habeas corpus motion.  28 U.S.C. § 2255.[4]

The limitation period shall run from the last of:

1.   The date on which the judgment of conviction becomes final;

2.   The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3.   The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[5]; or

4.   The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Petitioner makes no argument that he was prevented from filing his motion based on governmental action, nor does Petitioner allege that the claims presented were not earlier known. Therefore, subsections two and four are not applicable to this case.

---

[4] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

[5] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive.  Dodd v. United States, 545 U.S. 353, (2005).

However, Petitioner does argue that subsection three is applicable because citing <u>United States v. Haymond</u>, 139 S. Ct. 2369 (2019)[6]  as a newly recognized right by the Supreme Court.[7] ECF No. 52 at 4. Subsection three of AEDPA requires that the one-year time limitation runs from the date a new right is recognized by the Supreme Court as long as (1) the newly recognized right was (2) made retroactive to cases on collateral review. 28 U.S.C. § 2255. The undersigned finds that the <u>Haymond</u> case does not comply with these two requirements for the reasons set forth below.

The Supreme Court held in <u>Haymond</u> that the federal statute (18 U.S.C. § 3583(k)) governing revocation of supervised release, authorizing a new mandatory minimum sentence based on a judge's fact-finding by a preponderance of the evidence, violated the Due Process Clause and the Sixth Amendment right to jury trial.  Although <u>Haymond</u> may be a newly recognized right by the Supreme Court, it is not applicable to Petitioner's case. Petitioner was not sentenced under 18 U.S.C. § 3583(k), as that statute applies only to a term of supervised release after imprisonment. Petitioner is complaining of his original sentence, not a supervised release revocation sentence. Regardless, subsection three also requires that the Supreme Courts "newly recognized right" to have been made retroactive to cases on collateral review.  Petitioner does not allege retroactivity. In fact, the Supreme Court did not make <u>Haymond</u> retroactive.[8] Therefore, subsection three is inapplicable and does not trigger a later date on which Petitioner could seek relief pursuant to § 2255.

---

[6] Petitioner cites to "United States S. ct. v. Haymond, 18 U.S.C. § 3583 (k)(a)." After a careful review, the proper citation is <u>United States v. Haymond</u>, 139 S. Ct. 2369 (2019).
[7] Petitioner does not assert that it is was made retroactive to cases on collateral review. However, that is a requirement of subsection three and will be discussed herein.
[8] The undersigned has not found any case decided in the Fourth Circuit Court of Appeals which treats the holding in <u>Haymond</u> to be retroactive.

Therefore, subsection one is the only relevant provision to consider with regard to the timeliness of this motion. In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000). There are two recognized exceptions to this general rule, which apply when a federal prisoner seeks direct appellate review of his conviction or sentence. First, if, following the disposition of his direct appeal, a federal prisoner files a petition for writ of certiorari with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not file a timely certiorari petition after disposition of his direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is ninety days after entry of the judgment on direct appeal. See Clay v. United States, 537 U.S. 522, 532 (2003).  Here neither exception applies because Petitioner did not file a direct appeal of his conviction.

For federal prisoners, the time for filing a direct appeal expires fourteen days after the written judgment of conviction is entered on the criminal docket. See Fed. R. App. P. 4(b)(1)(A)(i). Petitioner's conviction became final on January 25, 2017, the date his time for filing a direct appeal expired. Therefore, Petitioner had until January 25, 2018, to file his habeas corpus under AEDPA. Because Petitioner did not file his § 2255 motion until September 3, 2019, it is clearly time barred[9].

---

[9] Pursuant to the Notice of Deficient Pleading [ECF No. 55.], Petitioner failed to file his Motion on the Court-approved form, which is an additional reason for the Court to dismiss his case.

## IV.   <u>RECOMMENDATION</u>

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 3:19-CV-142, ECF No. 1; Criminal Action No. 3:16-CR-25, ECF No. 52] be **DENIED** and **DISMISSED with prejudice** as untimely filed.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.   Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of

West Virginia.   The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: 10-23-2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE

7